Okay, everyone's here. Judge Owen, your mic is muted. No better, thank you. The next case on our docket is 19-50343. United States, is it Valles? Valles, your honor. Valles, thank you. Thank you, Chief Judge Owen, and may it please the court, Benjamin Aguiñaga, on behalf of Elizabeth Valles. As the Supreme Court and this court have made clear, a hearing on a 2255 motion is the rule, not the exception. In denying Ms. Valles' motion without a hearing, the question that the district court should have asked is whether her motion in the files and record of the case necessarily and conclusively show that she is not entitled to equitable holding. But the district court addressed the opposite question. It said that a movement has the burden of proving that she is entitled to equitable tolling, and it held that Ms. Valles did not carry that burden. That is the exact legal error that led this court to vacate and remand for a hearing in Porter, and it should do the same here. In fact, I begin very briefly with the standard of review because that's an issue on which the briefing is diametrically opposed. Our top-line view is that Ms. Valles is entitled to a hearing regardless of the standard of review that this court applies, and that's because the district court committed a plain legal error. It applied the wrong legal standard, and an error of law is an abuse of discretion, so we don't think that where the court ultimately comes down on the standard of review question is outcome determinative. But in all candor, I did want to flag for the court that the standard of review for denial of equitable tolling is an issue that this court should probably address en banc. For the past 30 or so years, this court has issued conflicting panel opinions on the standard, with some saying it's de novo, some saying it's abuse of discretion, and others saying that it depends on the circumstances. There's a helpful 2017 per curiam opinion from this court called Sandos v. Singular Wireless, LLC. That's at 700 Federal Appendix 317, and that opinion outlined what it described as considerable uncertainty in the Fifth Circuit about the standard, and that's exactly right. Different panel opinions have applied the rule of orderliness and come to different conclusions about the right standard. And if you look at Cousin v. Lensing, which the government cites in its brief for the abuse of discretion standard, I think that's a good example of the confusion, because if you take Cousin on its face, it says categorically that this court reviews the denial of equitable tolling for abuse of discretion. But if you trace the citations in Cousin back, they take you all the way back to what both parties have cited in the papers here. And footnote 9 of Fisher suggests a more nuanced question. It suggests that de novo review is proper in some cases, like this one, where equitable tolling has been denied effectively as a matter of law. Now, as I say, you know, the only realistic way to resolve all of this uncertainty is to decide the issue en banc. But of course, in this case, we think the court doesn't have to really decide the issue because the standard of review is not determinative. And that's because the district court committed a plain legal error. What it did here was it applied the wrong legal standard. And I think the best evidence of the error is that ROA 105 to 107, this is in tab four of the record excerpts, which has the district court's order, because these pages contain the section of the district court's order that's entitled applicable law. And I think what's most striking about the section is it never mentions 2255B or this court's in the Supreme Court's case law applying the 2255B standard. And not only that, but it adopts a different standard. And I think the most important line there is on ROA 107, because that's where the district court says that a 2255 movement has the burden of proving that she is entitled to equitable tolling. That's absolutely the case at the merit stage. That is not the 2255B standard, the threshold standard for whether the movement is entitled to a hearing. And we know that the district court not only framed its order under the wrong legal standard, but it also applied that standard in denying the motion. If you look at ROA 112, that's where the district court concluded that Ms. Valles, quote, did not satisfy her burden, end quote, of showing that she was entitled to equitable tolling. That's a completely different question than the question that 2255B asks and that this court has asked in cases like Sines, Lopez, and Salzo. And that question is whether the motion and the records and files of the case necessarily and conclusively show that the movement is entitled to no relief. And I think in this case, if the district court had engaged in that analysis, it's quite clear that the answer to 2255B's question is no. And we would point the court to a few buckets of evidence in the record. The first, of course, is the 2255 motion itself. That's at ROA 78. And that's where Elizabeth, for the first time in her motion, alleged an extraordinary circumstance warranting equitable tolling. As the district court characterized it in the district court's order and in the show cause order, the district court understood that what she was alleging was she was unable to file her motion until this time. Those were the words that she used in the motion. And if you look at her response to the show cause order, this is at ROA 101, she explained that her mental illness was the extraordinary circumstance that she was alleging was the basis for her claim for equitable tolling. Now, we think that that's an allegation that's clear enough. You tell us. I mean, she did not explain, and I don't think your briefs have explained, how her mental incapacity, such as it particularly and specifically was, precluded her from filing a timely claim. Or is the cause of her failing? So what are the facts? Certainly, Your Honor. And I think that's the question the district court asked was, I understand that you're alleging a mental illness. I understand that you're alleging your mental illness caused your delay in filing your motion. And then the final question is, what exactly happened that caused your delay? And was it a sufficient mental illness that circumstance? The honest answer to your question, Your Honor, is that's not in the record. I mean, I think as a pro se movement, many of the papers of pro se movements don't often contain these kinds of details. Have you had any contact with her? Did you have contact with her in preparation of the brief? I have, Your Honor. I have. And my understanding is her allegation was, as she stated it in her motion and her response to the show cause order. I don't know any other facts beyond exactly what she stated there. My understanding is just going off of the record and what she's told me that she meant what she said, essentially, which was that her mental illness, which you can find evidence of in the PSR, was the cause for her breakdown and was the cause for her delay in filing the 2255 motion. I mean, why not? To state her claim in such conclusory terms, why doesn't that just end the case? I mean, there's nothing further to it. I can't develop our case any better than that. So the causal relation between her failure to attempt to file and the illness she claims. I think not, Your Honor. I think you could have said the same thing about the movement's petition in Sines Lopez, right? Because what the court said there was you've included no dates. You've included no supporting evidence regarding when you say that you thought your attorney filed your motion or when you thought your attorney became sick and couldn't file a motion. And the court said, notwithstanding the lack of supporting evidence or the lack of dates, you used the phrase general time frame, notwithstanding the fact that you haven't provided us with a general time frame for which you're asking equitable tolling, that absence of a factual development requires an evidence-shared hearing. And that was the outcome in Sines Lopez. And of course, this court's not bound by that case. Did she allege any change in her condition or any specifics of her condition after she was arrested that resulted in a further seven-month delay before she filed the 2255 petition? Sure. A couple of responses to that, Judge Jolly. I think the first is if you look in the PSR, we know that immediately following sentencing, although she had been undergoing mental health treatment, she was no longer undergoing that treatment because, as she said, she had no one to care for her kids. So we know, unfortunately, that the circumstances were right for the mental illness to rear its head. We also know, Your Honor, and this obviously wasn't before the district court, but in her pro se COA brief in this court, she provided a little color where she said that she basically she called them psychological medications and other medications that basically led to an exacerbation of the mental illness that she was suffering from. And Your Honor, I completely take your point that a 2255 motion could contain more facts. But I do think that when you measure this against what you saw in Sines Lopez and what you saw in Salvo, this is really no different than the kinds of clear claims, although undeveloped claims, that the court has said, well, we need to further color on this and we're going to send it back to the district court on that basis. Your Honor, I mean, I want to take a step back to appreciate that we're engaging this kind of hypothetical case where the district court did apply the correct legal standard. I mean, I think at the threshold, and I don't take the government's brief to push back too much on the standard, but there's no 2255B discussion in the district court's order or anything from this court's cases on 2255B in disposing of the motion. So I think, you know, this is in some ways dovetails with the standard of review issue. We think the best way to dispose of the case is to resolve it entirely under no review and say she's entitled to hear and send it back. But I would also note, Your Honors, that if you agree with us that the district court engaged in its analysis under the wrong legal standard, but you were to agree with the government that abusive discretion is the proper standard review, then the right remedy in that case is still to send it back to the district court so that the district court can exercise its discretion in the right legal framework. So either way, Your Honor, I think get back to the district court. She gets the hearing to which she's entitled under 2255B. The only other thing, I see my time's slowly dwindling. The only other thing I'd flagged for the court, and this is something that this court did in Sanchez-Lopez, is even though in that case, the court vacated and remanded for an evidentiary hearing, it went out of its way to note that the underlying claim of ineffective assistance of counsel was meritorious. And the same thing's true here, and this is covered by the CWA order. Before you get to that, I have a couple of questions for you. It seems like our court has said in Allen and Harrison and Reed that you don't meet the 2255B standard if your claims are mental breakdown, unquote. She doesn't specify the time period. She doesn't specify that for this entire period, her mental breakdown prevented her from making a filing. She doesn't offer any facts. Why doesn't that fall within the unsupported generalization category that our court has cited before? Certainly, Chief Judge Owen, I'd say two things to that. I think you can think about it one respect by saying, is this actually a generalization? And as I said to Judge Jolly, I don't read the district court's order to dispute that she has claimed a mental illness or to dispute that her claim is that the mental illness caused the delay in filing. So in terms of specificity, I think that's clear enough. I think the next question there is, if you measure that against the kinds of claims that you saw in Sanchez-Lopez and Salvo, which is how this court traditionally handles these kinds of pro se claims, is this more or less general than the claims there? And particularly in Salvo, where the claim was, my attorney didn't explain the guilty plea to me. And that's what this court said was enough to go back for an evidentiator hearing. I don't know that you have, that this is any less general. That's pretty specific and targeted. I mean, there's a moment in time where you've got your guilty plea and you assert my counsel did not explain it to me. Here, we've got a long period of time while she was absconding, what, a year and a half. And she does not allege that she had a mental breakdown for that entire time. She doesn't even hint at that. So to me, that's a different animal than saying my defense counsel did not explain my guilty plea to me or even discuss it with me. Certainly, Your Honor. And I guess I gently push back on the characterization that she doesn't allege that her mental illness extended through the entire time. If you look at ROA 78, what her motion says is that the extraordinary circumstance which she later clarified was her mental illness caused her delay in filing until this time, which was February 2019, when she filed the 2255 motion. Now, the district court clearly didn't believe that the mental illness extended that far. And I think that's why factual development and evidentiary hearing is warranted. But Your Honor, even if you disagree with me on this question of whether this is a generalization or not, what you quoted from Allen and what this court has recognized is it's only unsupported generalizations that fail to meet the standard. And I think once you add into the mix here, the district court's own orders requiring her to undergo mental health treatment for nearly 10 years, and you have the PSR explaining, providing some context to that order, which is she's experienced depression and anxiety. Her child, unfortunately, had recently attempted to commit suicide. There is a record basis for her claims in this specific timeframe that we're talking about. And so, Your Honor, I think you can look at that question either two ways. Either it's a generalization, and if it is, then it's a supported one. But I think at the threshold, this is not all that different than the types of claims you saw in Saenz-Lopez. And again, in Saenz-Lopez, that was a case where the court said we really knew nothing about the period that you're claiming equitable tolling for, and that's why we need to send it back to the district court. And all I was going to say on the underlying ineffective assistance claim was what this court did in Saenz-Lopez was note that there was a meritorious underlying claim. That's the same case here. The district court didn't address the issue. The government does not dispute that this is a textbook ineffective assistance claim in terms of counsel's failure to file a notice of appeal at the request of Ms. Baez. If there are no further questions, I'll reserve the moment. She was represented by counsel at the criminal proceeding, was she? Did she plead guilty? She pled guilty. She did, Your Honor. And she was represented by counsel at that time? That's correct, Your Honor. That's correct. And I will preserve the balance of my time. Thank you. Thank you. Ms. Blatt. Good morning. May it please the court and counsel Mara Blatt for the United States' appellee in this matter. Your Honor, this court should affirm the district court's denial of Ms. Baez's request for equitable tolling for three reasons. First, the district court's legal analysis properly focused on 2255F, which controls equitable tolling, not 2255B, which controls the request for an evidentiary hearing on substantive claims. Second, Ms. Baez provides no precedent, which would mandate reversal as a matter of law or fact, but the government can offer precedent to support affirmance. And finally, the district court did not err in its fact finding, and it gave Ms. Baez the opportunity to present any evidence she had, even if it was in simple narrative form, beyond her conclusory assertion that her nervous breakdown was the sole cause for her 25-month delay in filing her petition. I'd like to first address why the legal analysis was correct and talk about those cases. Here, the cases cited by Ms. Baez do not support her claim that the district court erred as a matter of law, and this is because no single case which they offer this court matches the procedural and factual posture of this case, which is that this is a claim for equitable tolling based upon an extraordinary and rare non-external circumstance which prevented the defendant from filing a timely petition. More specifically, Ms. Baez's reliance on Porter, Sosa, Sousa, Anderson, Machi Broda, Friedman, and Woods is misplaced because none of those cases were about equitable tolling at all. They were about whether the district court's denial of substantive relief, substantive 2255 relief, was appropriate. And we can add Rodriguez to that list because although equitable tolling was initially an issue in that case, the parties agreed to timeliness. So the court really took up the issue of whether or not the district court properly denied the ineffective assistance of counsel claim, and in fact, they affirmed the district court on that ground. Now, Ms. Baez does cite Duran, which is an equitable tolling case, but again, that resulted in an affirmance of the district court's decision not to grant equitable tolling, even though there was evidence in that case that the external cause of the delay was the prison mail system. Now, of the cases that Ms. Baez does cite, which is Saenz Lopez, which she relies on greatly, Holland, Jackson, and Winn, those are equitable tolling cases, and they did result in reversal of the district court's decision to deny equitable tolling. But in each of those cases, it was because of reason, the impediment to timely filing was an external reason. So for example, in Saenz Lopez, the attorney falsely told the defendant that a 2255 had been filed on his behalf, but the defendant also was incarcerated and had no access to a legal library. In Holland, the attorney was found to be, excuse me, was found to be grossly negligent, and that in Jackson, which was actually a 2254, the defendant was unable to timely file because his state habeas case was decided by the Texas Court of Criminal Appeals, but he didn't receive notice of that for 18 months. What's your best case that 2255B, the evidence you're hearing requirement, does not apply to a motion for equitable tolling? I think you just have to look at the cases themselves and look at the cases that discuss equitable tolling, and you can see that the court's references are all to 2255F. That's certainly true in the three cases that the government propounds to the court, which is- Were all these cases decided without a hearing? How do we know? If the court didn't address whether you're required to have a hearing, I mean, you're just addressing the merits of equitable tolling. What we're interested in cases that address whether you have to have a hearing on a motion for equitable tolling. There are no cases that I can think of that match the procedural posture of this case, or the factual posture of this case, where the court says you have to have an equitable hearing, and in fact, there are several where the court affirms without an equitable hearing, but in any rate, I would point out to the court that the district court's order to show cause effectively gave Ms. Weiss a hearing. She was allowed to, even if in simple narrative form, she was given the opportunity to give some explanation to the district court about why her alleged nervous breakdown caused her to not only to abscond for 17 months, but to not file for eight months after she was incarcerated in jail. It's very important here, and it's worth noting that the nature of her claim with regard to equitable tolling, um, she was the only, and she was the unique source of information concerning her nervous breakdown, whether that was internal or external, but in any event, she was only able to supply one sentence of information to the district court, even after its order to show cause, and even after she was given an extension of time to respond to that order to show cause. Um, I'd like to talk about the three cases that the government relies on, because in contrast to, uh, the cases that Ms. Weiss cites, which are both equitable tolling, uh, which are equitable tolling cases, in Rollins, Fisher, and Red, all of those cases involve the question of whether equitable tolling should have been allowed, and all of them resulted in affirmance of the district court's denial of equitable tolling. Um, in Red, the district court was affirmed based on the defendant's pro se claim that his outstanding Rule 33 motion told his time for filing a 2255, and that's very interesting, because even though he was a pro se, the court still affirmed based on a legal argument, and despite the liberal interpretation that we do give pro se, uh, in Fisher, uh, the defendant had a step, uh, claimed that his 17-day stay in a prison psychiatric ward, uh, was, uh, the cause, the external cause of his, uh, inability to timely file, but the court looked at that and said, well, wait a second, you had, there was still, even after you were released, there was still a six-month lapse in your failing to file a timely petition, which is very much like the facts of this case. It's one thing to talk about a 17-month period where you're not in custody because you absconded, but again, there were eight months while she was, after she was incarcerated, that she still did not, um, that Ms. Vias still did not, uh, timely file, and probably the case which is most on point, which is Rollins, which we acknowledge is an that's really because it really comes very close to this circumstance, and that is where the court determined that even illiteracy and a nervous breakdown in the absence of any information about the breakdown other than just the allegation itself, um, and a subsequent delay in filing, uh, could not overcome, uh, the bar for, uh, to allow for equitable tolling, and that was in a case where there was this, our missubstantive side of things, um, there was a claim of actual innocence by the female defendant who had been convicted of murder. Even that couldn't justify equitable tolling. Um, I'd like to also now go ahead and talk about the fact finding in this case, why it was correct, and then put it in some legal context for the court. Again, the only information that Ms. Vias could give the district court was one sentence that her nervous breakdown prevented her from surrendering for 17 months. She couldn't supply any information about the eight-month period after her incarceration, and this was true, again, even though the district court gave her, uh, the opportunity with its order to show cause to give some further information. Uh, again, the cases that are closest on point to this one fully stand for the proposition that the mere conclusionary allegation of a nervous breakdown cannot establish that there was either an internal or an external rare or extraordinary circumstance which prevented the, uh, defendant from timely filing a petition. Let's talk about what medical facts were in the record because defendant has, uh, Ms. Vias has alluded to those as well. The only medical fact in the record was in the PSR, and that was that Ms. Vias reported that after her arrest she was anxious and depressed. This is not a claim of mental illness, um, and also anxiety and depression are very common amongst defendants, um, when they are facing sentence. This is one of the reasons why, uh, the district court has the capacity to allow for counseling for such people, and it's true that the PSR does reflect, uh, that she stopped going because, uh, she didn't have someone to look after her children, but by the same token, she told the, uh, probation officer that her mother who lived in the same city would take out, would look after her children while she was incarcerated. Um, the district court's provision, uh, for mental health treatment is not a diagnosis. It is only a recommendation. It does not, uh, mean that she is subject to an order of 10 years of enforced mental health treatment. Um, it's only a recommendation that if and when it is actually necessary. I think it's also important to look at who Ms. Vias is, um, although she is pro se, she is a United States citizen, she is fully literate in English, she has the equivalent of a GED, she is a trained healthcare worker, uh, and assuming she was being truthful with probation, and it appears that she was, she did not recount any personal history of any kind of mental disturbance, uh, before her arrest, nor did, uh, probation in any of its interviews find any history of mental disturbance to her personally. Most critically, again, the information sought by the district court was information that was uniquely within Ms. Vias's, uh, knowledge and experience, and which only she could explain, but she didn't even though she was given, again, given the opportunity to do so. Now, let me ask you this question. Assuming just for the sake of argument that 2255B does apply to a motion for equitable tolling, is there a harmful error component in analyzing whether a district court violated that statute? Uh, the, the, okay, 2255B only, uh, requires a, um, a hearing if the defendant, uh, if there is a, I think that in terms of the facts that were in front of the court, um, that, that was, was proven, um, in terms of equitable tolling, she did not offer enough facts. She only offered one conclusory fact that she had a nervous breakdown and did not explain. Assuming we disagree with you, and we say there's lots of evidence that she might not be entitled to equitable tolling, but there's nothing in the evidence that conclusively establishes she's not entitled to equitable tolling. Is there a harmful error aspect of that such that she, before she can successfully appeal, she has to show, yes, there is. I mean, I, I can show that I'm not conclusively. In other words, is there a harmful error aspect of that? It seems to me the statute puts a burden on somebody other than the defendant. You know, what she says conclusively proves that she's not entitled to relief or the government has to conclusively prove somehow that she's not conclusively not entitled to relief, but unless that threshold's met, you get a hearing. Let's, let's assume that threshold's not met, district court doesn't have a hearing. Is there a harmful error aspect to it? Does, does, on appeal? Okay. I, I think I can answer that. So let's also look at what she said in her claims about ineffective assistance of counsel. I'm just asking about the law. What does the law say? Do we consider harmful error in construing whether 2255B has been violated or not? No, I think they are separate inquiries. The inquiry of whether or not she is allowed to a hearing under equitable tolling is a separate inquiry from the inquiry of whether or not she is allowed to a hearing on her substantive ineffective assistance of counsel claims. You know, it's important here. I think also to recognize that the district court was aware of Ms. Vias's case having reviewed and approved her plea agreement, which had a complete appellate waiver, having reviewed the PSR and her counsel's objections prior to sentencing, having heard the arguments of counsel, including her counsel's request for a downward departure from a court correctly calculated guideline range, and after having heard Ms. Vias's allocution. So the district court was aware of, you know, who Ms. Vias was. And finally, the district court's request for further evidence for Ms. Vias's self-described mental state was only relevant to the equitable effective assistance counsel claims had an entirely different basis. And that's very different from the kinds of cases that Ms. Vias has cited, where the impediment to timely filing was the same as the claim for ineffective assistance of counsel. For example, as in Sayans-Lopez, the claim was, my attorney lied to me about filing a 2255, and that's why I wasn't able to timely file. That was the same claim that was made in the ineffective assistance of counsel range. My attorney was ineffective because he lied to me about the 2255. The point that I'm trying to make here is that there was no negative consequence to Ms. Vias being forthcoming with the district court about how her nervous breakdown rendered her unable to function such that she remained a fugitive and was unable to timely file. In short, on this record, there is no evidence that Ms. Vias had a mental illness, which she has argued here today. There's no evidence that she had any history of depression or anxiety before her arrest. She has, there's no explanation if there was any change in her condition during the eighth month period that she was incarcerated. So for example, Ms. Vias was, is actually incarcerated in a medical, a prison medical facility, which is very common. BOP actually puts non-medical patients in medical facilities. But my point here is, is that if she was experiencing some kind of mental disturbance, she could have gotten treatment and maybe she couldn't have gotten, you know, records, but she certainly could have said to the district court in response to its order to show cause, you know, I'm having this problem even while I'm in prison and I'm receiving treatment for it. But there was no such information forthcoming. There's nothing to show that she was incapacitated and that strikes at the very heart of her reason for equitable tolling. If the court would like me to address the standard of review, I can, but if there are no further questions, I'll close. Okay. So for those, all those reasons, the court, we requested the court affirm the district court's decision. Rebuttal. Thank you, Chief Judge Owen. Just a few brief points in response. The first, in response to your question, Chief Judge Owen, about whether there are any cases where the district court applying section 2255B in the context of an equitable tolling question, the answer is yes. The United States versus Winn, which is cited in our opening brief, is a case where the court remanded on a 2255 motion for an evidentiary hearing on equitable tolling. And then Sines Lopez, of course, which is also cited in the papers, was a case where the court remanded for an evidentiary hearing on the equitable tolling question. So the answer to your question is yes, there are cases applying section 2255B to equitable tolling. And I think that just underscores the glaring absence of any consideration of that legal standard that governs the hearing question on this kind of motion. With respect to your question, Chief Judge Owen, about harmful error or harmless error, I confess I don't have a case that speaks directly to your question. The closest I think that the cases in the briefing comes to that is a case called Sosa, which was cited in the opening brief. And that was a unique case because that was a case where the government conceded that the section 2255B standard was met, and so a hearing was required, but the district court didn't hold a hearing. And the government was the one saying, no, we want a hearing because we want to establish a factual record. And this court recognized the government being the one coming into court to say that we're the ones that want the hearing, but this court said that 2255B must be taken literally, and it agreed with the government in that case. So in terms of harmful or harmless error, I mean, I think the burden here, the presumption, of course, established by Congress is in favor of a hearing, and the burden here can't rest on the movement in that context. My friend on the other side says that the show cause order that the district court offered was in effect a hearing itself. I just respectfully have to push back on that because 2255B says what it says. It doesn't say you're entitled to respond to a show cause order. It says you're entitled to a hearing. And so I think that's fundamentally the legal error in this case, and I know that the Advising Council didn't really address the standard of review issue, but if you agree with us that the district court just didn't apply the right legal framework, as we say, regardless of the standard of review, but especially if you say it's abusive discretion, it has to go back so the district court can exercise its discretion within the context of the right legal framework. And this is really, I think, the exercise that this court engaged in in Porter because that was where this court had a long string side of cases saying, look, district courts, this is how you're supposed to apply 2255B. It was more of a corrective exercise and instruction to the lower courts on where they had gone astray. And of course, that was some 40 or 50 years ago. This is a good opportunity for this court to take the same tack. If there are no further questions, we just ask that this court vacate and remand. Thank you, counsel. We have your argument and I know I'm going to mispronounce your name. We very much appreciate your taking this case. You did a fine job. We appreciate that very much. Thank you, Chief Judge Owen.